**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

WESLEY KELLEY                                                                                          PLAINTIFF

v.                                              NO. 3:12CV00246 JLH

NITROGEN SOLUTIONS, L.L.C.;
MICHAEL STICKLER; MATTHEW MCCAUGHEY;
JOHN MCCAUGHEY; JOAN KHILLING;
and MICHAEL JACQUES                                                                              DEFENDANTS

**ORDER**

Wesley Kelley filed a motion to strike certain affirmative defenses, arguing in part that they were inapplicable to this action and in part that the serial listing of affirmative defenses fails to meet the pleading standards articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  The defendants have filed a motion for leave to file an amended answer, to which there has been no objection, but they reiterate in the proposed amended answer the affirmative defenses that are the subject of the motion to strike.  Therefore, while the motion for leave to amend is granted without objection, the proposed amendment does not moot the motion to strike. Defendants also respond on the merits to the motion to strike, arguing that the affirmative defenses at issue, while perhaps not applicable to the claims under the Fair Labor Standards Act or the Oklahoma Minimum Wage Act, are applicable to the common law breach of contract claim asserted in the complaint.  The defendants also argue that the pleading standards of *Twombly* and *Iqbal* do not apply to affirmative defenses.  *See Ash Grove Cement Co. v. MMR Constructors, Inc.*, No. 4:10CV04069, 2011 WL 3811445 (W.D. Ark. Aug. 29, 2011).  In reply, Kelley concedes that all of the affirmative defenses are the subject of the motion to strike could be applicable to the breach of

contract claim and therefore requests the Court to issue an order limiting the affirmative defenses to that claim.

In view of the fact that the parties seem to agree that most, if not all, of the affirmative defenses that were the subject of the motion to strike may be applicable to a breach of contract claim, the motion to strike will be denied. Document #7. There does not appear to be a dispute as to whether the affirmative defenses at issue apply to the FLSA and OMWA claims, so the Court need not address that issue. The motion for leave to amend is granted. Document #11. The proposed amended answer must be filed within seven days from the entry of this Order.

IT IS SO ORDERED this 23rd day of January, 2013.

*J. Leon Holmes*

———————————————
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE